IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOYCE JACKSON,<br><br>  Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and SHIRLEY JACKSON,<br><br>  Defendants. | No. 14-cv-2240-SHL-dkv |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Before the Court is Defendant The Guardian Life Insurance Company of America's ("Guardian") Motion for Judgment on the Administrative Record, filed March 4, 2015. (ECF No. 24.) After Plaintiff failed to respond to the motion in the time allotted under the Local Rules, the Court issued a show cause order as to why the claims against Guardian should not be dismissed for failure to prosecute. (ECF No. 25.) Plaintiff filed a response to the show cause order on April 20, 2015. (ECF No. 26.) Guardian filed a reply to that response on April 30, 2015. (ECF No. 27.) For the following reasons, Defendant's Motion for Judgment on the Administrative Record is GRANTED.

STATEMENT OF THE CASE

This case involves the disbursal of the proceeds from a life insurance policy held by Richard Jackson ("Mr. Jackson"). Mr. Jackson secured the coverage through his employer, Stonemark Management, LLC. Guardian was the policy's administrator. Mr. Jackson died on June 3, 2013. On January 8, 2014, his sister, Joyce Jackson, filed an Action to Recover Beneficiary Payment in Probate Court of Shelby County, Tenn., claiming to be the policy's

named beneficiary. (ECF No. 1-1.) Guardian removed the action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) On January 30, 2015, this Court granted in part and denied in part Joyce Jackson's motion for leave to amend her complaint, allowing her to name Shirley Jackson, Mr. Jackson's wife at the time of his death, as a Defendant and three causes of action against her. (ECF No. 22.)[1]

According to Joyce Jackson's Amended Complaint, she was the proper beneficiary to Mr. Jackson's life insurance policy, which had a value of $123,808.77 at the time of his death. (Amended Complaint, ECF No. 23 at ¶¶ 5, 6.) When Plaintiff produced proof of her brother's death to Guardian and sent a letter to the company demanding payment of the insurance policy's proceeds, Guardian refused. (Id. at ¶ 7.) Joyce Jackson then filed the original complaint in this matter, demanding judgment against Guardian for the value of her brother's life insurance policy. In her Amended Complaint, Joyce Jackson also alleged that Shirley Jackson either fraudulently changed the beneficiary designation on Mr. Jackson's life insurance policy, abused his confidence and exerted undue influence upon him to convince him to change the beneficiary or converted the proceeds that were due to be paid to Joyce Jackson. (Id. at ¶¶ 8-10.)

## STANDARD OF REVIEW

Plaintiff has not challenged Defendant's assertions that her claims relate to an alleged failure to pay benefits due to her under an employee benefits plan governed by the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Because ERISA actions are appeals from agency determinations rather than trials on the merits, courts are restricted to

---

[1] To the extent that Plaintiff has attempted to add additional causes of action against Guardian in her Amended Complaint, those claims are not before the Court. In its order on Plaintiff's motion to amend, the Court denied Plantiff's motion insofar as it attempted to add additional causes of action against Guardian beyond those in the original complaint.

conducting a review of the administrative record in adjudicating ERISA actions.  Wilkins v. Baptist Healthcare Sys. Inc., 150 F.3d 609, 619 (6th Cir. 1998).   While a court may consider arguments about how to best analyze the information in the administrative record, the only evidence that it may consider from outside that record is evidence that is offered in support of a procedural challenge to the administrator's decision.  Id.

Courts conduct a *de novo* review of a plan administrator's denial of benefits ruling under ERISA "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan."  Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989).  When this discretionary authority is granted in the plan, a benefits denial is reviewed under the more lenient arbitrary and capricious standard.  Frazier v. Life Ins. Co. of N. Am., 725 F.3d 560, 566 (6th Cir. 2013) (citing Haus v. Bechtel Jacobs Co., 491 F.3d 557, 561–62 (6th Cir. 2007)).  Under this standard, courts uphold a claim decision so long as "it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome."  Haus, 491 F.3d at 561-62 (quoting Davis v. Ky. Fin. Cos. Ret. Plan, 887 F.2d 689, 693 (6th Cir. 1989)).

## ANALYSIS

Guardian argues that the Court should grant its Motion for Judgment on the Administrative Record because Mr. Jackson's policy sufficiently granted its claims administrator discretionary authority to construe the terms of the plan, Guardian had the discretion to disburse the proceeds of the policy to Shirley Jackson based on the beneficiary designations Mr. Jackson made, and its decision to do so was not arbitrary and capricious.  Joyce Jackson counters that because she sent Guardian a letter claiming that the change of beneficiary form was fraudulently obtained and submitted, Guardian's decision not to investigate the matter was arbitrary and

capricious. Furthermore, she alleges that Guardian's decision not to investigate was based solely on the fact that it did not want to incur the expense of having to pay out the money due under Mr. Jackson's insurance policy a second time. A review of the administrative record ("AR") reveals that Joyce Jackson's claims are without merit.

Joyce Jackson does not dispute that Mr. Jackson's insurance policy contains sufficient language to trigger the more deferential arbitrary and capricious standard of review. As Defendant points out, the policy requires a claimant to submit "Proof of Death" and that the Guardian would "pay the insurance as soon as [it] receive[s] written proof of death which is acceptable to [it]." (AR, ECF No. 24-1 at 120.) The Sixth Circuit has found "'satisfactory proof,' and similar phrases, sufficiently clear to grant discretion to administrators and fiduciaries." Frazier, 725 F.3d at 567. The Court therefore applies the arbitrary and capricious standard to Guardian's decision to award Shirley Jackson the proceeds from Mr. Jackson's insurance policy.

The underlying facts in the AR are straightforward. On March 1, 2011, Mr. Jackson named his then-wife Janice Jackson the beneficiary of his life insurance policy. (AR at 38-41, 73-76.) Janice Jackson died on February 21, 2012. (Id. at 66, 72.) On February 27, 2012, Mr. Jackson designated his sister, Joyce Jackson, as the sole beneficiary of the policy. (Id. at 42.) Then, on January 11, 2013, Mr. Jackson once again changed the beneficiary, this time to Shirley Jackson, whom he listed as his wife. (Id. at 43-45.) Mr. Jackson died on June 8, 2013. (Id. at 53.)

On June 13, 2013, Shirley Jackson submitted a Group Life Claim Form to Guardian, asserting that she was the beneficiary under Mr. Jackson's life insurance policy. (Id. at 48-51.) On July 17, 2013, Guardian issued a check to Shirley Jackson in the amount of $114,373.77. (Id.

4

at 81.)  The invoice for the check indicated that Guardian also paid the funeral home $9435 per Shirley Jackson's request.  (Id. at 82.)  In a letter to Guardian dated August 20, 2013, Joyce Jackson requested an investigation into whether Mr. Jackson legally signed a document changing the beneficiary on his life insurance policy to Shirley Jackson, or if Shirley Jackson fraudulently signed her name to the document.  (Id. at 3.)  There is nothing in the AR that suggests that Joyce Jackson ever filed a claim form with Guardian.

A Guardian representative indicated that he spoke with Joyce Jackson and inquired as to whether she had any evidence of wrongdoing by Shirley Jackson.  (Id. at 409.)  According to the AR, Joyce Jackson indicated that someone told her that Shirley Jackson told another person that Shirley herself had signed a form.  (Id.)  The Guardian representative indicated that all of the forms it had received had come from the plan administrator and that Shirley Jackson did not send Guardian any change forms directly.  (Id.)  If Joyce Jackson wanted to pursue any action against Shirley Jackson, she was told that she would need to do so on her own behalf.  (Id.)

It is clear from the AR that Guardian's determination that Shirley Jackson was the designated beneficiary of Mr. Jackson's life insurance policy at the time of his death was not arbitrary and capricious.  Plaintiff has not pointed to any evidence in the AR that would suggest that Guardian should not have distributed the proceeds from Mr. Jackson's life insurance policy to Shirley Jackson at the time it did so.  Guardian was not in a position to second-guess the form that it received from Stonemark that changed the beneficiary of the policy from Joyce Jackson to Shirley Jackson, and was following the directives of the ERISA statute when it disbursed the proceeds from the policy in the manner in which it did.  ERISA requires that a plan shall

> "specify the basis on which payments are made to and from the plan," §
> 1102(b)(4), and that the fiduciary shall administer the plan "in accordance with
> the documents and instruments governing the plan," 1328 § 1104(a)(1)(D),

5

making payments to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan." § 1002(8).

Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 147 (2001).  Based on the AR, Shirley Jackson was the beneficiary designated by Mr. Jackson and Guardian was bound to disburse the proceeds from his policy to her.

Insofar as Plaintiff asserted a claim for breach of fiduciary duty against Guardian in her initial complaint, those claims also fail.  Plaintiff failed to dispute Guardian's arguments in support of this contention, and it is unclear how she would have.  Generally, "an ERISA plan participant can seek equitable relief against his plan administrator under § 502(a), 29 U.S.C. § 1132(a), if he has been harmed by the administrator's breach of fiduciary duty."  Marks v. Newcourt Credit Grp., Inc., 342 F.3d 444, 454 (6th Cir. 2003) (citing Varity Corp. v. Howe, 516 U.S. 489, 512 (1996)).   As Defendant points out, however, when a plaintiff has asserted a claim for ERISA denial of benefits, she is not entitled to alternatively or concurrently assert claims for ERISA breach of fiduciary duty.  See Marks, 342 F.3d at 454; Wilkins, 150 F.3d at 615-616.  Because Joyce Jackson had, and pursued, a claim against Guardian for denial of benefits, her claims for breach of fiduciary duty fail as a matter of law.

At the time this case was removed from state court, removal was appropriate under 28 U.S.C. §§ 1331 and 1332, based both on the federal question posed by the Plaintiff's ERISA-based claim and based on the diversity of the parties.  When Shirley Jackson, a resident of Tennessee, was added by Plaintiff's Amended Complaint, diversity was destroyed.  With the dismissal of the claims against Guardian, the lone remaining claims before the Court are between non-diverse parties and based on the state-law causes of action of fraud, abuse of confidence and undue influence.  At this stage in the proceedings, it is clear that this Court no longer has jurisdiction over the remaining claims.

Lacking jurisdiction, the Court is confronted with the question of whether to remand the case to state court or to dismiss it in its entirety.  Generally speaking, when dealing with pendent state-law claims, a remand is "preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case," as "a dismissal will foreclose the plaintiff from litigating his claims."  Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-52 (1988).

Joyce Jackson's claims against Shirley Jackson sound in fraud, which carry a three-year statute of limitations in Tennessee.  See Tenn. Code Ann. § 28-3-105; Mackey v. Judy's Foods, Inc., 654 F. Supp. 1465, 1471 (M.D. Tenn. 1987).  While it is not clear in the record at what point Joyce Jackson became aware of Shirley Jackson's alleged fraud, the beneficiary on Mr. Jackson's life insurance policy was changed from Joyce Jackson to Shirley Jackson on January 11, 2013.  Even if Joyce Jackson became aware of the fraud on that date, and not after Mr. Jackson's death on June 8, 2013, she can still file her suit in state court against Shirley Jackson within the statute of limitations.  As a result, the Court will dismiss Plaintiff's claims against Defendant Shirley Jackson without prejudice.

## CONCLUSION

Guardian's Motion for Judgment on the Administrative Record is hereby GRANTED.  All of Joyce Jackson's claims against Guardian are dismissed with prejudice.  Plaintiff's claims against Shirley Jackson are hereby DISMISSED without prejudice.

**IT IS SO ORDERED,** this 8th day of May, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE